NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0305n.06

No. 17-6399

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JERRY R. STUART, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | Jun 18, 2018 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| LOWE'S HOME CENTERS, LLC; LOWE'S | ) | COURT FOR THE WESTERN |
| HOME IMPROVEMENT, LLC, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Before: BATCHELDER, MOORE, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Employees at a Lowe's store in Madisonville, Kentucky, provided information to the police that led to Jerry Stuart's arrest for possession of methamphetamine. After the charge was dismissed, Stuart sued Lowe's Home Centers, LLC ("Lowe's"), and Lowe's Home Improvement, LLC, ("Lowe's Home Improvement"), alleging malicious prosecution, negligence, gross negligence, slander, slander per se, and intentional infliction of emotional distress. The district court dismissed the case for lack of personal jurisdiction over Lowe's Home Improvement, and for failure to state a claim against Lowe's upon which relief could be granted.[1] We AFFIRM.

---

[1] Stuart does not challenge the district court's conclusion that it lacked personal jurisdiction over Lowe's Home Improvement. Stuart has therefore forfeited any argument to the contrary. *See Kovacic v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 606 F.3d 301, 307 (6th Cir. 2010).

I.

In December 2016, Police Officer Ethan Horne responded to a call from a Lowe's store in Kentucky. A store manager told him that a small plastic bag containing a suspicious substance had been discovered in the store. A field test confirmed that the substance was methamphetamine. The next day, Officer Horne met with William Cooper, an asset protection employee of the store. Cooper showed Officer Horne footage from the store's surveillance video in which a man, walking alone in an aisle, removed his hand from his coat pocket and out fell what appeared to be the bag of methamphetamine. Officer Horne asked Cooper to review the video footage to determine whether the man identified on the camera had made a purchase. The man had made a purchase, and from the records of that transaction, Cooper was able to tell Officer Horne that the credit card used belonged to Phillip Renfro.

Officer Horne later questioned Renfro at his home. Renfro denied that he had been at the Lowe's store that day but told Officer Horne that he had given his credit card to his coworker, Stuart, to make a purchase. Officer Horne spoke with Stuart by phone, and Stuart admitted going to the Lowe's store and making the purchase with Renfro's credit card. Officer Horne told Stuart that he had video that showed Stuart dropping a bag of methamphetamine in the store, but Stuart denied knowing anything about it. Nonetheless, Officer Horne obtained a warrant for Stuart's arrest for Possession of a Controlled Substance 1st Degree (Methamphetamine) and subsequently arrested Stuart at his workplace. The charges were dismissed with prejudice a few days later.

Stuart sued Lowe's and Lowe's Home Improvement in Hopkins County Circuit Court in Kentucky, alleging malicious prosecution, negligence, gross negligence, slander, slander per se, and intentional inflection of emotional distress. After removing the case to the United States District Court for the Western District of Kentucky, the defendants filed a motion to dismiss,

contending that the court must dismiss all claims against Lowe's Home Improvement, because the court lacked personal jurisdiction over that defendant, and that the court must dismiss all claims against both defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because Stuart had failed to state a claim upon which relief could be granted. The district court agreed with both arguments and granted the motion to dismiss. Stuart timely appealed to this court, challenging only the district court's decision that he had failed to state a claim upon which relief could be granted.

## II.

We review de novo a district court's ruling on a Rule 12(b)(6) motion to dismiss. *Kaminski v. Coulter*, 865 F.3d 339, 344 (6th Cir. 2017). In reviewing a 12(b)(6) motion, the court must view the complaint in the light most favorable to the plaintiff, accepting as true all allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor. *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). The plaintiff must provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

Here, Stuart's complaint is devoid of any factual content from which the court could infer that Lowe's is liable under any of the theories Stuart alleged. The complaint states that Stuart "was identified, in the investigation initiated by Defendant, Lowe's Home Centers, LLC, based on video surveillance footage and credit card records provided by the Defendant, Lowe's Home Centers,

LLC." The complaint later avers that Lowe's "conducted an internal negligent and reckless investigation and in so doing, wrongfully identified Plaintiff for the crime of felony drug possession." These statements stand alone as the only factual assertions in the complaint regarding the involvement of Lowe's in the events leading to Stuart's arrest and alleged wrongful identification. While pleading requirements may not be onerous, some effort is required of the plaintiff. *See id.* (stating that although a complaint need not provide "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" (citation omitted)).

The rest of Stuart's complaint is filled with rote recitations of the elements of the claims under which he seeks to hold Lowe's liable and conclusory statements as to why those elements are met. Both are insufficient to survive a 12(b)(6) motion. *See id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). For example, to show malicious prosecution, Stuart needed to allege facts tending to show that Lowe's acted with malice and without probable cause. *See Martin v. O'Daniel*, 507 S.W.3d 1, 11-12 (Ky. 2016). The complaint nakedly avers that Lowe's "instituted the criminal process against the Plaintiff with legal malice and without probable cause," without further explanation. To establish gross negligence, Stuart needed to plead facts tending to establish that Lowe's acted with "wanton or reckless disregard for the safety of other persons."[2] *Gersh v. Bowman*, 239 S.W.3d 567, 572 (Ky. Ct. App. 2007) (citation omitted). Stuart's complaint merely states that Lowe's "demonstrated wanton and extreme reckless conduct with regard to the rights of the Plaintiff and

---

[2] Stuart's complaint also contained a claim of ordinary negligence. The district court, however, held that Stuart could not pursue such a claim because Stuart could not attempt to avoid the higher standards required for a malicious prosecution claim by pursuing a claim of ordinary negligence. Stuart does not challenge this conclusion and has therefore forfeited any challenge to it. *See Kovacic*, 606 F.3d at 307.

such reckless indifference to his welfare and his reputation constitutes gross negligence," again without further explanation. For intentional infliction of emotional distress, Stuart states that the "actions of the Defendant were intentional and/or reckless." What conduct? What actions? The complaint does not say. While this claim does incorporate the complaint's prior allegations, Stuart fails to point to any facts or law rendering it plausible that Lowe's did anything "outrageous and intolerable" that would "offend[] against generally accepted standards of decency and morality." *Gilbert v. Barkes*, 987 S.W.2d 772, 777 (Ky. 1999) (citation omitted).

Stuart's complaint is slightly more detailed regarding his claims of slander and slander per se, stating that Lowe's "conducted an internal negligent and reckless investigation and in so doing, wrongfully identified Plaintiff for the crime of felony drug possession, resulting in slanderous and defamatory statements being communicated to the Plaintiff's employer, members of the community and the Madisonville Police Department." Yet, Stuart encounters two problems. First, the district court found that Lowe's is immune from liability for any statements made during or in anticipation of a judicial proceeding. Stuart does not challenge this aspect of the district court's decision on appeal. That is enough to conclude the matter before this court. But second, the complaint makes no factual assertion, nor provides any basis for the court to infer, that Lowe's itself made statements to members of the community or Stuart's employer. These conclusory allegations, unsupported by facts, are not sufficient to survive a 12(b)(6) motion. *See Iqbal*, 556 U.S. at 678.

Stuart's complaint cannot be saved even when we consider the facts Lowe's provided in the police report and arrest warrant attached to the motion to dismiss.[3] These documents show

---

[3] Neither party argues that it was improper for the district court to consider these documents when resolving the case on 12(b)(6) grounds.

that Lowe's had minimal involvement in the investigation. Lowe's contacted the police after finding a bag with a suspicious substance in its store. Its suspicions were confirmed—the substance was methamphetamine. Cooper then showed Officer Horne video of an unknown male dropping a bag that looked like the bag containing the methamphetamine. From there, Officer Horne took over. He asked Cooper to track the suspect's movements on the video to see whether he had made a purchase, and, if so, to provide Officer Horne with the credit card information from the transaction. Having complied with those requests, Lowe's involvement ended, and Officer Horne proceeded with the investigation that ultimately led him to identify Stuart. These facts cut against any claim that Lowe's is liable under the litany of theories Stuart raised in the complaint.

What happened? Why were the charges dismissed? We have not been told. But on the facts before us, Stuart has not stated a claim against Lowe's for malicious prosecution, negligence, gross negligence, slander, slander per se, or intentional infliction of emotional distress. Dismissal was the appropriate response. *See id*.

\* \* \*

We AFFIRM the judgment of the district court.